**FILED**

MAR 16 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| AKUBE W. NDOROMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09 0503 |
| | ) | |
| ERIC HOLDER, Attorney General, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that this Court and the United States Department of Justice "conspire[d] to enslave[]" him. Compl. at 6 (page numbers designated by the Court). This so-called enslavement comes about, apparently, upon plaintiff's criminal conviction in this Court and subsequent transfer to the custody of the Federal Bureau of Prisons. He brings this civil rights action under 42 U.S.C. § 1983, presumably alleging a violation of the Thirteenth Amendment to the United States Constitution, and demands, among other things, his "Immediate Release from Slavery." *Id.*

"Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. amend. XIII, § 1 (emphasis added). The Thirteenth Amendment, then, "has an express exception for persons imprisoned pursuant to conviction for

crime." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *see also Tracy v. Keating*, 42 Fed. Appx. 113 (10th Cir. 2002); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir.2001); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963). The Court will dismiss this action under 28 U.S.C. §1915A(b)(1) because the complaint fails to state a claim upon which relief can be granted.[1] An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Royce C. Lamberth
United States District Judge

Date: March 10, 2009

---

[1] The Court notes that plaintiff submitted separately a petition for a writ of habeas corpus on the same day as he submitted the instant Complaint. Plaintiff's challenges to his conviction or sentence, as well as his demands for immediate release from custody, are appropriately addressed in a habeas action.